842 F.2d 1291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John E. LEMERON, Petitioner-Appellant,
v.
Larry POWERS, Respondent-Appellee.
 No. 87-6590.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 22, 1988.
Decided March 23, 1988.
 
 John E. Lemeron, appellant pro se.
 Frank Louis Valenta, Jr., Assistant Attorney General, for appellee.
 Before WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 John E. Lemeron, a South Carolina inmate, has brought this petition pursuant to 28 U.S.C. Sec. 2254 seeking relief from his conviction for murder. Lemeron contends that the jury instructions given at his trial on the issues of self-defense, intent and malice created mandatory rebuttable presumptions which unconstitutionally relieved the prosecution of the burden of proving every element of the charged offense beyond a reasonable doubt. The district court dismissed the petition as successive under Rule 9(b), Rules Governing 28 U.S.C. Sec. 2254 Cases in the United States District Courts, finding that these issues had previously been determined adversely to Lemeron in an earlier petition. See Lemeron v. Powers, C/A No. 82-2736-15 (D.S.C. Sept. 19, 1983), aff'd, No. 83-6591 (4th Cir. June 25, 1984) (unpublished). However, in the course of determining that the petition was successive, the district court found it necessary to address the merits of Lemeron's claims and concluded they offered no grounds for relief. Because it is not completely clear that the petition is successive within the meaning of Rule 9(b), we have fully reviewed the record and the district court's evaluation of the merits of each claim. For the reasons outlined below, we believe that the petition was properly dismissed.
 
 
 2
 Lemeron's first claim is that the trial judge's instructions on self defense improperly shifted the burden of proof on that issue to him. This Court has held that where a trial court instructed the jury that the defendant had the burden of proving self defense by a preponderance of the evidence and also instructed that the prosecution had to prove beyond a reasonable doubt that the killing had been with malice, the instructions were so contradictory and confusing as to be constitutionally infirm. Thomas v. Leeke, 725 F.2d 246 (4th Cir.), cert. denied, 469 U.S. 870 (1984). Thus, in Thomas, upon which Lemeron primarily relies, the basis of the constitutional infirmity was not the burden shifting nature of the instruction per se, but rather, the contradiction created by charging two mutually exclusive burdens of proof. We do not believe the instructions given at Lemeron's trial on the issues of self defense and the state's burden of proof were so contradictory or confusing as to violate the Constitution. The key difference between the self defense instruction given in Thomas and that given in this case is that in this case the trial judge never explicitly stated that Lemeron must prove self defense by a preponderance of the evidence. This omission was clearly intentional because Lemeron's lawyer specifically asked that this charge not be given and the trial judge assented to the request stating: "I probably won't charge anything about the burden of proof. I never have."
 
 
 3
 Lemeron, nevertheless, objects to that portion of the charge stating "it must be shown" that the elements of self defense exist. However, this charge did not specifically allocate the burden of proof or require a specific standard of proof on the issue of self defense. Therefore, this charge did not irreconcilably conflict with the charge that the state must prove every element of the offense beyond a reasonable doubt or with the charge that Lemeron was entitled to a reasonable doubt as to whether the defense had been made out. Thus, unlike the charge in Thomas, this charge did not force the jury to ignore one instruction in order to follow another. For these reasons, the self defense instruction was not constitutionally unsound and, accordingly, the claim based upon it was properly dismissed.
 
 
 4
 Finally, it should be noted that the Supreme Court has recently held that it is not invariably unconstitutional to require a criminal defendant to prove self defense. Martin v. Ohio, 55 U.S.L.W. 4232 (U.S. Feb. 25, 1987) (No. 85-6461). However, because we are not convinced that the instructions given in this case did effectively shift the burden of proof to Lemeron on this issue, we do not reach the question of whether Martin applies in this particular situation.
 
 
 5
 We next turn to Lemeron's claim based upon the allegedly erroneous malice instruction. We agree with the judgment of the district court that any error contained in this instruction was harmless beyond a reasonable doubt. See Rose v. Clark, 54 U.S.L.W. 5023 (U.S. July 2, 1986) (No. 84-1974); Chapman v. California, 386 U.S. 18 (1967). An examination of the record, especially the testimony of Dr. Sexton, indicates "beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption" in order to find malice, and therefore, the error, if it exists, was harmless. Rose, 54 U.S.L.W. at 5027 (quoting Connecticut v. Johnson, 460 U.S. 73, 97, n. 5 (1983) (Powell, J., dissenting)). Accordingly, this claim offers no ground for relief.
 
 
 6
 Finally, we affirm the district court's dismissal of Lemeron's claim based on the intent instruction on the same reasoning. The same evidence which established malice also established intent beyond a reasonable doubt and therefore any error contained in the intent instruction was harmless under Rose, supra.
 
 
 7
 In sum, we find that none of Lemeron's claims entitles him to relief and, accordingly, affirm the judgment of the district court dismissing the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and the argument would not aid the decisional process.
 
 
 8
 AFFIRMED.